IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL BARREDA, <br> Plaintiff, | § § § § § | |
| VS. | § § 1. | CIVIL ACTION NO. B-01-035 <br> (JURY REQUESTED) |
| CITY OF BROWNSVILLE AND <br> WILLIAM DIETRICH, INDIVIDUALLY <br> AND IN HIS OFFICIAL CAPACITY <br> Defendants. | § § § § § | |

United States District Court
Southern District of Texas
FILED

JUN - 8 2001

Michael N. Milby, Clerk of Court

### DEFENDANTS' THE CITY OF BROWNSVILLE AND WILLIAM DIETRICH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants The City of Brownsville and William Dietrich, Individually and in his official capacity and file this their Answer to Plaintiff's Original Petition, and in support thereof would respectfully show unto this Honorable Court the following:

I.

### ANSWER

1. Defendants admit the allegations in numbered paragraphs 1, 2, and 3 of Plaintiff's Original Petition and further state that jurisdiction and venue lie with the United States District Court, Southern District of Texas, McAllen Division.

2. Defendants deny the allegations in Paragraph 4 of Plaintiff's Original Petition except that Defendants admit that Plaintiff and his wife were living separately and that the incident made the basis of this suit did not occur at Plaintiff's home.

3. Defendants deny the allegations in Paragraph 5 of Plaintiff's Original Petition.

4. Defendants deny the allegations in Paragraph 6 of Plaintiff's Original Petition except that Defendants specifically admit that at all times, they were acting in their official capacity and would further state that they were acting in good faith, and within the discretion of their offices.

5. Defendants deny the allegations in Paragraph 7 of Plaintiff's Original Petition.

6. Defendants deny the allegations in Paragraph 8 of Plaintiff's Original Petition except to the extent that they have made admissions previously in this Answer.

7. Defendants admit the allegations in Paragraph 9 of Plaintiff's Original Petition but they specifically deny that the charges were dropped because the arrest lacked probable cause.

8. Defendants deny the allegations in Paragraph 10 of Plaintiff's Original Petition.

9. Defendants deny the allegations in Paragraph 11 of Plaintiff's Original Petition except that Defendants specifically admit that Defendant Dietrich is law enforcement personnel for the City of Brownsville and to the extent that Defendants have made admissions previously in this Answer.

10. Defendants deny the allegations in Paragraph 12 of Plaintiff's Original Petition except that Defendants specifically admit that Defendant Dietrich handcuffed the Plaintiff.

11. Defendants deny the allegations in Paragraph 13 of Plaintiff's Original Petition.

12. Defendants deny the allegations in Paragraph 14 of Plaintiff's Original Petition.

13. Defendants deny the allegations in the Prayer, Paragraph 15, of Plaintiff's Original Petition.

## II.

## AFFIRMATIVE DEFENSES

14. Defendant Dietrich, to the extent he is sued in his individual capacity, was at all times acting

in good faith, in a reasonable manner, within the discretionary authority of his public office, and is entitled to qualified immunity for all claims alleged against him as set out in Plaintiffs' Original Complaint. Furthermore, Plaintiffs have failed to allege that Defendants violated Plaintiffs' clearly established constitutional rights of which a reasonable person should have known. Defendant Dietrich raises the federal defense of qualified immunity.

15. Defendant Dietrich, to the extent he is sued in his individual capacity, is further entitled to immunity from any and all liability in connection with Plaintiffs' claims under the state doctrine of official immunity. Furthermore, Plaintiffs have failed to specify how Defendants would not be entitled to official immunity either because they were not performing discretionary duties, were not acting in good faith, or were not acting within the scope of their authority, as is required by Texas law. Defendant Dietrich raises the state defense of official immunity.

16. Defendants are entitled to sovereign immunity and governmental immunity from both liability and suit. Defendants have not waived their right to sovereign immunity. Further, Plaintiffs claims do not fall within the narrow waiver of immunity provided by the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code §101.021 et. seq.

17. To the extent that Plaintiffs bring any state law causes of action against Defendants, Defendants specifically plead the statutory limits on liability as to actual damages and the bar as to punitive damages set forth in the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code §101.023 and §101.024.

18. To the extent that Plaintiffs bring any state law causes of action against Defendants, Defendants would further invoke all defenses authorized under the Texas Tort Claims Act, including, but not limited to, the defenses set forth at §§ 101.055, 101.056, 101.057, 101.062,

101.065, 101.101, and 101.106 of the Texas Civil Practice and Remedies Code.

19. Defendants would show, that to the extent punitive damages are sought under 42 U.S.C. §1983 against the City of Brownsville and or Defendant Dietrich, those claims for punitive damages are barred. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2448, 69 L.Ed 2d 616 (1981).

20. Defendants would show that all actions taken by officer Dietrich were privileged under the Texas Code of Criminal Procedure. Including but not limited to Articles 14.01, 14.03, and 14.05.

21. Defendants seek reasonable attorney fees and costs as prevailing parties pursuant to 42 U.S.C. §1988.

22. Defendants request Trial by Jury.

Signed on the 8 day of June, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By:_____
Mark Sossi
State Bar No. 18855680
USDC No. 10231

Attorneys for Defendants

## CERTIFICATE OF SERVICE

      I, hereby certify that on June 8, 2001, a true and correct copy of the above and foregoing has been served on all counsel of record via Certified Mail, Return Receipt Requested as hereinbelow noted:

Villegas Law Firm
Attn: Albert Villegas
1324 East Seventh Street
Brownsville, Texas 78520

_____
Mark Sossi