6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL BARREDA, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | CIVIL ACTION NO. B-01-035 |
| VS. | § | (JURY REQUESTED) |
| | § | |
| CITY OF BROWNSVILLE AND | § | |
| WILLIAM DIETRICH, INDIVIDUALLY | § | |
| AND IN HIS OFFICIAL CAPACITY | § | |
| Defendants. | § | |

United States District Court
Southern District of Texas
FILED

JUN - 8 2001

Michael N. Milby, Clerk of Court

**RULE 12(b)(6) MOTION TO DISMISS OF DEFENDANTS THE CITY OF
BROWNSVILLE AND WILLIAM DIETRICH, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COME NOW the City of Brownsville and William Dietrich, Individually and in his official capacity, the Defendants herein, and pursuant to Federal Rule of Civil Procedure 12(b)(6) file this their Motion to Dismiss and would respectfully show unto the Court the following:

I.

**STATEMENT OF THE CASE**

Plaintiff, Manuel Barreda, brings suit against the City of Brownsville and William Dietrich, Individually and in his official capacity under 42 U.S.C. § 1983 and 1988 for violation of his constitutional rights to be free from unlawful searches and seizures, unlawful arrest, detention, and imprisonment under the 4th, 6th, and 14th Amendments. Plaintiff also brings state law claims for various intentional torts.

-1-

## II.

## MOTION TO DISMISS UNDER RULE 12(b)(6)

A.  Standard for Dismissal under Rule 12(b)(6)

Plaintiff has failed to state a claim for which relief can be granted. Accordingly, his lawsuit is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Under this standard, a court may dismiss a complaint if the plaintiff cannot possibly prevail on his claims. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1973). Although the Rule 12(b)(6) standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met." *Mahone v. Addicks Utility Dist. of Harris County*, 836 F.2d 921, 927 (5th Cir. 1988).

B.  Plaintiff's claims against the City of Brownsville and Defendant Dietrich in his official Capacity.

1.  Plaintiff's Claims under 42 U.S.C. § 1983 for violations of the 4th, 6th, and 14th amendments to the U.S. Constitution should be dismissed.

To establish municipal liability under 42 U.S.C. § 1983, a complainant must demonstrate an official policy or custom which causes or occasions a constitutional deprivation. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978). This circuit has defined official policy as:

a) A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [district] ... or by an official to whom the [district] has delegated policy making authority; or

b) A persistent, widespread practice of [district] officials or employees, which, although not

authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents [district] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the [district] or to an official to whom that body dad delegated policy-making authority.

*Eugene v. Alief Ind. School Dist.,* 65 F.3d 1299, 1304 (C.A.5 (Tex.) 1995). Additionally, municipal liability under 42 U.S.C. § 1983 is not based on respondeat superior. Rather,

> [it] attaches where--and only where--a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). In other words, it must be shown that an official responsible for making municipal policy acts with deliberate indifference to the constitutional rights of citizens. *Id.*

Plaintiff's allegations against the City of Brownsville are in the nature of respondeat superior. Such allegations do not state a claim for which relief can be granted against the City of Brownsville or Dietrich in his official capacity under 42 U.S.C. § 1983 for violation of the 4th, 6th, or 14th amendments to the U.S. Constitution. Additionally, no official policy or custom has been alleged by the plaintiff. Accordingly, Plaintiff's §1983 claims against the City of Brownsville should be dismissed.

  2. Plaintiff's intentional tort claims under state law should be dismissed.

    a) No showing of waiver of sovereign immunity.

Defendants hereby assert their entitlement to sovereign immunity. A governmental unit waives its immunity from suit in negligence actions only as the Texas Tort Claims Act permits. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.025 (Vernon 1996). The Texas Tort Claims

Act's limited waiver of sovereign immunity includes only:

> (1) property damage, personal injury and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-drive equipment; and
>>
>> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*Id.* at § 101.021.

Nowhere does Plaintiff allege in his complaint that his injuries arose from operation of a motor-vehicle, the use of tangible personal or real property, or from a condition of real property. Plaintiff has thus not alleged facts showing waiver of the Defendant's sovereign immunity.

   b)  Claims for intentional tort expressly barred.

In addition, Plaintiff's claims against the City of Brownsville and Defendant Dietrich in his official capacity are barred by Texas Civil Practice and Remedies Code §101.057, which provides as follows:

> The limited waiver of sovereign immunity granted by [the Texas Tort Claims Act] does not apply to a claim . . .
>
>> (2) arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (Vernon1996).

-4-

Assault, battery, false arrest, false imprisonment, defamation, and intentional infliction of emotional distress are all intentional torts. Section 101.057 expressly prohibits such suits against governmental entities. Accordingly, these claims should be dismissed under Rule 12(b)(6).

C.   Plaintiff's Claims against Defendant Dietrich in his individual capacity.

  1.   Pending resolution of Defendant's Motion for FRCP 7(a) Reply

Defendant Dietrich would initially point out that there is a Motion for a Rule 7(a) Reply in Response to Defendant's Defense of Qualified Immunity pending before this Court. With respect to Defendant Dietrich in his individual capacity, this 12(b)(6) motion is being made pending resolution of that motion.

  2.   Plaintiff's Claims under 42 U.S.C. § 1983 and under state intentional tort law should be dismissed.

   a)   Defendant Dietrich is entitled to qualified immunity.

Defendant Dietrich is entitled to qualified immunity under Federal Law and it's State counterpart, official immunity. Qualified immunity protects government officials who perform discretionary functions from liability "unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 276 (C.A.5 (Tex.) 1995). The qualified immunity analysis is a two-step process. First, a court must determine whether the Plaintiff has alleged the violation of a constitutional right. *Hale v. Townley*.45 F.3d 914,917, (C.A.5 (La.) 1995). Second, if the Plaintiff has alleged a constitutional violation, the court must decide if the conduct was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. *Id* at 917. "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law."

*Goodson v. Corpus Christi,* 202 F.3d 730, 736 (5th Cir.2000). This means that even law enforcement officials who reasonably but mistakenly commit a constitutional violation are entitled to immunity. *Glenn v. City of Tyler,* 242 F.3d 307, 312 (C.A.5 (Tex.) 2001).

Defendant was at all times acting in good faith, in a reasonable manner, and within the discretionary authority of his public office. Further, Plaintiff has alleged no facts that would overcome Defendant's qualified immunity. If Plaintiff does not amend his complaint and this Court does not require Plaintiff to file a Rule 7(a) response, then Defendant Dietrich, in his individual capacity, asks that this 12(b)(6) motion be granted.

A. Plaintiffs claims based on the 6th and 14th amendments.

    1. No 6th amendment claim

The Sixth amendment protects a persons right to counsel, the right to an impartial jury, and the right to be informed of the charges against them. The right to counsel attaches when adversary proceedings are commenced against the defendant. *United States v. Gouveia,* 467 U.S. 180, 187 (1984). The right to be informed of the nature of the accusation against a defendant does not exist until the Government is committed to a prosecution. *Jones v. City of Jackson,* 203 F.3d 875, 880 (C.A.5 (Miss.) 2000).

Plaintiff has claimed an improper search and seizure which is only actionable under the 4th amendment. No adversary proceedings have been begun against Plaintiff and the Government is not committed to a prosecution because the charges have been dropped. Defendant asks that Plaintiff's 6th amendment claims be dismissed.

    2. No 14th amendment claims

While the 4th amendment protects arrestees, once an arrest is complete, pretrial detainees are protected by the due process clause of the Fifth or Fourteenth amendments. *Brothers v.*

-6-

*Klevenhagen,* 28 F.3d 452, 455 (5th Cir. 1994). This circuit has held that the 14th amendment begins to protect persons "after the incidents of arrest are completed, after the plaintiff has been released from the arresting officer's custody and after the plaintiff has been in detention awaiting trial for a significant period of time." *Gutierrez v. City of San Antonio,* 139 F.3d 441, 452 (C.A.5 (Tex.) 1998).

Plaintiff was clearly an arrestee and has alleged no facts that would trigger the protections of the 14th amendment. Defendants ask that Plaintiff's 14th amendment claims be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendants the City of Brownsville and William Dietrich, Individually and in his official capacity pray that upon hearing, their Rule 12(b)(6) Motion to Dismiss be granted, Plaintiff take nothing by their suit, that these Defendants recover all costs incurred herein, and that these Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Signed on the 8 day of June, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Mark Sossi
State Bar No. 18855680
USDC No. 10231

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on all counsel of record, to-wit:

Villegas Law Firm
Attn: Albert Villegas
1324 East Seventh Street
Brownsville, Texas 78520

via certified mail, return receipt requested, on June 8, 2001.

_____
Mark Sossi

-8-