IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL BARREDA,<br>    Plaintiff, | § § § § § | |
| VS. | § § § | CIVIL ACTION NO. B-01-035<br>(JURY REQUESTED) |
| CITY OF BROWNSVILLE AND<br>WILLIAM DIETRICH, INDIVIDUALLY<br>AND IN HIS OFFICIAL CAPACITY<br>    Defendants. | § § § § § | |

United States District Court
Southern District of Texas
FILED
JUN - 8 2001
Michael N. Milby, Clerk of Court

---

**DEFENDANT'S MOTION TO STAY DISCOVERY PENDING PRELIMINARY
RESOLUTION OF THE ISSUE OF QUALIFIED IMMUNITY AND SUPPORTING
MEMORANDUM OF POINTS AND AUTHORITIES**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

    COMES NOW DEFENDANT WILLIAM DIETRICH, INDIVIDUALLY and files this, his Motion to Stay Discovery Pending Resolution of the issue of Qualified Immunity and in support thereof would show this Honorable Court as follows;

    1) The defendant moves that all discovery in this case be stayed until the United States District Court resolves whether or not plaintiff has stated a claim against the individual defendant which may, on its face, overcome the defense of qualified immunity. The defendant William Dietrich, Individually has specifically pled the defense of qualified immunity which protects him from both financial liability and the burden of litigation because his conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *Harlow vs. Fitzgerald* 457 US 800 (1982). The benefits of immunity from suit, and the burdens associated

1

therewith, would be lost if plaintiff was permitted to conduct discovery where defendant is entitled to qualified immunity.

2) In order to determine whether or not the individual defendant is entitled to qualified immunity, the Court should first look to the plaintiffs complaint to see whether the plaintiff has stated a claim which violates clearly established law. *Seigert vs. Gilley* 111 S. Ct. 1789, 1793 (1991). Where the plaintiff has not stated a claim, the Fifth Circuit advocates use of FRCP 7(a) to require plaintiff to state a violation of a clearly established constitutional right. *Schultea v. Wood* 47 F3rd 1427, 1433b (5th Cir. 1994) (en banc). This detailed Rule 7(a) reply must set forth with particularity all material facts on which plaintiff contends he will be able to establish his rights to recovery, including detailed facts supporting the contention that the plea of immunity cannot be sustained." *Elliott v. Perez*, 751 F.2d 1472, 1482 (5th Cir.1985). See also *Schultea*, 47 F.3d at 1434.

3) The plaintiff should not be permitted to conduct discovery so long as the individual defendant is still a party to the case, until plaintiff can tender a Rule 7(a) reply to the Court states how qualified immunity can be overcome. *Shultea v. Wood* 47 F3rd 1427, 1433b (5th Cir. 1994) (en banc). The Fifth Circuit in *Shultea* provided the District Courts with guidance in dealing with the issue of when and to what degree discovery may be permitted against defendant sued in their individual capacities under 42 U.S.C. § 1983.

> "First, the District court must insist that a plaintiff suing a public official under § 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone. Second, the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity. Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist. The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. *The district court need not allow any discovery unless it finds that plaintiff has supported his claim with*

2

*sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.*

*Schultea v. Wood* 47 F.3d 1427,1434 , (C.A.5 (Tex.) 1995).

4) Defendant Dietrich in this case has set forth the defense of qualified immunity. The defendant has alleged in his answer that he has violated no clearly established constitutional right and that plaintiff have not stated any claim against defendant Dietrich for which the defense of qualified immunity would not apply.

Wherefore defendant William Dietrich, Individually respectfully requests that all discovery in this case be stayed so long as he is a party to this suit in his individual capacity until the plaintiff can either amend his pleadings or provide a response pursuant to FRCP 7(a) which will overcome the defense of qualified immunity to the defendant.

Signed on the 8 day of June, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone:  (956) 541-1846
Facsimile:  (956) 541-1893

By: _____
Mark Sossi
State Bar No. 18855680
USDC No. 10231

Attorney for Defendant

3

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document, has been sent to the following via U.S. Mail, return receipt requested, on the ___ day of _____, 2001.

Villegas Law Firm
Attn: Albert Villegas
1324 East Seventh Street
Brownsville, Texas 78520


_____
Mark Sossi


## CERTIFICATE OF CONFERENCE

    I, Mark Sossi, do hereby certify that plaintiff's attorney is opposed to Defendants' Motion to Stay Discovery Pending Preliminary Resolution of the Issue of Qualified Immunity and Supporting Memorandum of Points and Authorities.


_____
Mark Sossi

4