IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MANUEL BARREDA, § | |
| Plaintiff, § | |
| § | |
| § | |
| § | CIVIL ACTION NO. B-01-035 |
| VS. § | (JURY REQUESTED) |
| § | |
| CITY OF BROWNSVILLE AND § | |
| WILLIAM DIETRICH, INDIVIDUALLY § | |
| AND IN HIS OFFICIAL CAPACITY § | |
| Defendants. § | |

**DEFENDANT'S MOTION FOR RULE 7(A) REPLY IN RESPONSE
TO DEFENDANT'S DEFENSE OF QUALIFIED IMMUNITY**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE;

COMES NOW Defendant WILLIAM DIETRICH, INDIVIDUALLY file this, his Motion for a FRCP 7(a) Response to address the Defense of Qualified Immunity and in support thereof would show this Honorable Court as follows;

1) The Individual Defendant, William Dietrich, is a police officer for the City of Brownsville. The Plaintiff Manuel Barreda is an individual who has filed suit seeking money damages because he believes he was wrongfully arrested.

2) The Defendant has raised the defense of qualified immunity and have set forth in their answer in detail that Plaintiff has failed to set forth how the Defendant violated Plaintiff's clearly established constitutional rights of which any reasonable person would have known. This is Plaintiff's burden to overcome the defense of qualified immunity. *Harlow vs. Fitzgerald* 457 US 800 (1982).

3) Qualified immunity protects government officials who perform discretionary functions

1

from liability "unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 276 (C.A.5 (Tex.) 1995). The qualified immunity analysis is a two-step process. First, a court must determine whether the Plaintiff has alleged the violation of a constitutional right. *Hale v. Townley*.45 F.3d 914,917, (C.A.5 (La.) 1995). Second, if the Plaintiff has alleged a constitutional violation, the court must decide if the conduct was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. *Id* at 917. "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Goodson v. Corpus Christi,* 202 F.3d 730, 736 (5th Cir.2000). This means that even law enforcement officials who reasonably but mistakenly commit a constitutional violation are entitled to immunity. *Glenn v. City of Tyler* 242 F.3d 307, 312 (C.A.5 (Tex.) 2001).

4) Defendant request that the Court order the Plaintiff to file a response pursuant to FRCP 7(a) to set forth how Plaintiff may maintain a cause of action against the individual defendant which may overcome the defense of qualified immunity. In *Schultea v. Wood*, 47 F3d 1427, (5th Cir 1995), that Court held that when a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the Plaintiff to reply to the qualified immunity defense in detail. The Plaintiff's reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. Furthermore, the rule 7(a) response must be pleaded with 'factual detail and particularity,' not mere conclusory allegations." *Jackson v. Widnall*, 99 F.3d 710, 715-16 (5th Cir.1996) (quoting *Schultea*, 47 F.3d at 1430).

Wherefore, Defendant prays that Plaintiff be ordered to provide a response to Plaintiff's petition pursuant to FRCP 7(a) and furthermore that Plaintiff be ordered to specify facts which

overcome Defendant Qualified Immunity, specifically; (1) factual allegations establishing how the Defendant acted to violate any clearly established constitutional right of Plaintiff's, (2) facts which establish how Defendant violated a clearly established constitutional right of which Defendant should have known.

Signed on the 8 day of June, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone:     (956) 541-1846
Facsimile:      (956) 541-1893

By: _____
Mark Sossi
State Bar No. 18855680
USDC No. 10231

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, has been sent to the following via U.S. Mail, return receipt requested, on the ___ day of _____, 2001.

Villegas Law Firm
Attn: Albert Villegas
1324 East Seventh Street
Brownsville, Texas 78520

Mark Sossi

## CERTIFICATE OF CONFERENCE

I, Mark Sossi, do hereby certify that plaintiff's attorney is unopposed to Defendant's Motion for Rule 7(A) Reply in Response to Defendant's Defense of Qualified Immunity.

Mark Sossi