13

United States District Court
Southern District of Texas
FILED

JUN 28 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL BARREDA<br>Plaintiff | & | |
| | & | |
| vs. | & | CIVIL ACTION NO. |
| | & | |
| CITY OF BROWNSVILLE, ETAL.<br>Defendants | & | B - 01-35 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

**1.** State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

ANSWER: Meeting was held telephonically on June 28, 2001, between Albert Villegas attorney for Plaintiff Manuel Barreda; **Mark Sossi**, attorney for Defendants.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

ANSWER: None.

3. Specify the allegation of federal jurisdiction.

ANSWER: 28 U.S.C. §1331 (federal question)

4. Name the parties who disagree and the reasons.

ANSWER: none

ClibPDF - www.fastio.com

5. List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.

ANSWER: None at this time.

6. List anticipated interventions.

ANSWER: None at this time.

7. Describe class-action issues.

ANSWER: None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

ANSWER: The parties agree to provide initial disclosures by July 30, 2001.

9. Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

(1) What changes should be made in the timing, form, or requirement for disclosures under subdivision (a) or local rule, including a statement as to when disclosures under subdivision (a)(1) were made or will be made.

ANSWER: The parties agree to provide initial disclosures by July 30, 2001.

(2) The subjects on which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases or be limited to or focused upon particular issues:

ANSWER: Discovery will be needed on issues relating to the individual Defendants' entitlement to qualified inunumity and on issues relating to possible liability of all Defendants. The parties agree to conduct discovery on the issue of the entitlement of the individual Defendants to qualified immunity. Initial discovery should be completed by August 30, 2001.

ClibPDF - www.fastio.com

(3) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and,

ANSWER: Plaintiff and the City Defendants agree to conduct discovery as set out in 9(A)(2) above. Once that discovery is completed, the individual Defendants may file any Motions for Summary Judgment on qualified immunity or other grounds by October 30, 2001. Once the Court has ruled on those motions, the parties may continue with any remaining discovery, which should be completed within ninety (90) days after the Court rules on those motions.

(4) Any other orders that should be entered by the court under subdivision (c) or under Rule 16(b) and (c).

ANSWER: None other than as described herein.

B. When and to whom the plaintiff anticipates it may send interrogatories.

ANSWER: To all Defendants by September 1, 2001.

C. When and to whom the defendant anticipates it may send interrogatories.

ANSWER: To the Plaintiff by September 1, 2001.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

ANSWER: Of all Defendants by November 30, 2001.

E. Of whom and by when the defendant anticipates taking oral depositions.

ANSWER: Defendants anticipate taking depositions of Plaintiff and key witnesses December 30, 2002.

F. When the plaintiff (or the party with the burden of proof of an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

ClibPDF - www.fastio.com

    ANSWER: For qualified immunity issues, Plaintiff anticipates designating experts by January 30, 2002; Defendants by February 30, 2002.

G. List expert depositions the plaintiff (or the party with the burden of proof of an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

ANSWER: Of Defendants' experts by February 30, 2002.

H. List expert depositions the opposing counsel anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

ANSWER: Of Plaintiff's experts, by _______________, 2002.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

ANSWER: The parties are in agreement.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

ANSWER: None.

12. State the date the planned discovery can reasonably be completed.

ANSWER: Discovery on qualified immunity issues should be completed by February 30, 2002.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

ANSWER: The parties agree to consider the option of mediation at a later time.

ClibPDF - www.fastio.com

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

ANSWER: Plaintiff will make a settlement settlement demand on the City within thirty days of the filing of this plan. The parties agree to consider the option of mediation at a later time.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such technique may be effectively used in this case.

ANSWER: The parties agree to consider the option of mediation at a later time.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

ANSWER: The parties do or do not agree to trial before a magistrate judge at this time.

17. State whether a jury demand has been made and if it was made on time.

ANSWER: Plaintiff timely made jury demands.

18. Specify the number of hours it will take to present the evidence of this cise.

ANSWER: It is anticipated that Plaintiff's case in chief should take 16-20 hours to present, the City Defendants' case in chief should take 16-20 hours to present.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

ANSWER: The City Defendants believe Defendants' Motion to Dismiss, Motion to Stay Discovery and Motion for More Definite Statement may be ruled on by the Court.

20. List other motions pending.

ANSWER: None.

ClibPDF - www.fastio.com

21. Indicate other matters peculiar to this case, including discovery, that deserves the special attention of the court at the conference.

ANSWER: None other than those matters set out above.

22. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

ANSWER: Plaintiff filed his Notice of Financial Interest on June 27, 2001

Defendant City filed his Disclosure of Interested Parties on June 29, 2001.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

ANSWER: Attorney for Plaintiff MANUEL BARREDA
Albert Villegas.
State Bar No. 20585450
Federal Adm. No. 3903
1324 East Seventh
Brownsville Texas 78520
956 544 3352
fax 956 544 7828

Attorney for Defendant CITY OF BROWNSVILLE AND WILLIAM DIETRICH
Mark Sossi
Willette & Guerra
3505 Boca Chica Suite 460
Brownsville Texas 78521
956 541 1846
Fax (956) 541-1846

ClibPDF - www.fastio.com

Albert Villegas
Counsel for Plaintiff
Manuel Barreda

Date

Mark Sossi
Counsel for Defendants
City of Brownsville and
William Dietrich

Date

ClibPDF - www.fastio.com