

## Civil Courtroom Minutes

| | |
|---|---|
| **JUDGE** | Hilda G. Tagle |
| **CASE MANAGER** | Stella Cavazos |
| **LAW CLERK** | ■ Fajardo   ☐ Koerner |
| **DATE** | 07 – 10 – 01 |
| **TIME** | 2:15 p.m. – 2:30 p.m. |
| **CIVIL ACTION** | B – 01 – 035 |
| **STYLE** | Barreda *versus* City of Brownsville, et al. |

United States District Southern District of ... FILED JUL 1 0 2001 Michael N. Milby Clerk of Court

**DOCKET ENTRY**

(HGT)  ■ Initial Pre-Trial Conference   ☐ Motion Hearing;   (Rptr. Breck Record  )

Albert Villegas          for    ■ Ptf. #_____  ☐ Deft. #_____

Eduadro Garza           for    ☐ Ptf. #_____  ■ Deft. #_____

☐ All motions not expressly decided are denied without prejudice.

☐ Evidence taken [exhibits or testimony].

☐ Argument heard on: ☐ all pending motions; ■ Following motions

<u>Motion for Extension [Dkt. No. 10], Motion to Stay Discovery [Dkt. No. 7], and Motion to Dismiss [Dkt. No. 6]</u>

■ <u>Motions taken under advisement: Motion to Dismiss [Dkt. 6].</u>

■ Scheduling order to be entered.

☐ Miscellaneous review set:

■ Rulings orally rendered on:

   (1) the Court **GRANTED** Plaintiff's Motion for an Extension [Dkt. No. 10]. The Rule 7(a) Reply is due by 12:00 p.m. on Tuesday, July 31, 2001.

1

(2) the Court **GRANTED** the Defendant's Motion to Stay Discovery [Dkt. No. 7] until the Court renders a ruling on the pending Motion to Dismiss [Dkt. No. 6].

(3) the Court heard argument on the Motion to Dismiss [Dkt. No. 6]. Mr. Garza argued on behalf of the Defendants:

    a. The Plaintiff has not alleged a claim of practice, policy or custom as to the City of Brownsville. Pursuant to <u>Monnell</u>, these are necessary allegations in order to argue a constitutional deprivation, but the Plaintiff alleges no factual support for its claim.

    b. The City and Dietrich cannot be sued for intentional torts under Section 101.057 of the Texas Tort Claims Act, and no waivers apply. Therefore, the assault, etc. causes of action should be dismissed.

    c. As to the Sixth Amendment Claim against Dietrich, there is no factual evidence of prosecution with respect to the Plaintiff, who was merely an arrestee. In fact, he was released and the charges were dropped.

    d. As to the Fourteenth Amendment claims against Dietrich, Fourteenth Amendment rights do not attach until he becomes a pre-trial detainee. However, he was merely an arrestee and was released.

    e. There are also qualified immunity arguments, but that can await the pending Rule 7(a) motion and amendment of Plaintiff's pleadings.

Mr. Villegas argued on behalf of the Plaintiff:

    a. There was a constitutional deprivation of freedom of speech because charges of failure to give identification was "trumped up" in connection with a domestic violence dispute. This allegation fulfills the specificity requirement.

    b. Mr. Villegas stated that a practice on behalf of the City of Brownsville existed regarding how to handle domestic violence situations when there is no protective order in place, but discovery will reveal whether this practice is oral or if it is written.

The Court indicated that it would take their arguments under submission, and further argument may or may not be necessary to rule on the Motion to Dismiss [Dkt. No. 6] once the Rule 7(a) Reply is filed.