IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Manuel Barreda, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-35 |
| | § | |
| City of Brownsville, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on January 24, 2002, the Court considered the Defendants' Rule 12(b)(6) Motion to Dismiss [Dkt. No. 6]. For the following reasons, the Court **GRANTS** the Motion.

I.  **Introduction**

In his Complaint, Plaintiff, a Border Patrol agent, states that he was at home with his wife when Defendant Dietrich, under color of his office, unlawfully arrested and incarcerated him. [Dkt. No. 1 at 1-2]. Plaintiff provides no other facts as to the circumstances that led to this arrest and incarceration. Plaintiff then alleges that each Defendant acted willfully and knowingly to deprive Plaintiff of his right to freedom from illegal searches and seizures, but provides no facts as to who these individuals are, other than Dietrich, or what they did. Id. at 2. In his second cause of action, Plaintiff claims that Defendant Dietrich made false statements about him at a gasoline station and restaurant and that Dietrich and his supervisors and co-workers conspired to damage Plaintiff by making false statements about him. Id. at 3. No other individuals are named, the false statements are not specified, nor is it evident where such additional false statements were made, when, by whom, or to whom. In his third cause of action, Plaintiff identifies officers Dietrich and Massey as being responsible for falsely arresting him. Id. Plaintiff alleges that Dietrich and Massey committed a slew of torts against him, but again provides no details about the arrest or the alleged tortious acts.

Defendants answered [Dkt. No. 5] denying the relevant allegations made against them and invoking qualified immunity. Thereafter, they filed both a Rule 12(b)(6) Motion [Dkt. No. 6], as well as a Motion for Rule 7(A) Reply [Dkt. No. 8]. The Court granted the Motion for Rule 7(A) reply on June 29, 2001, and gave the Plaintiffs until July 17, 2001 to file the Rule 7(A) Reply. To date, the Rule 7(A) Reply has not been filed. Therefore, for the purposes of Defendants' 12(b)(6) motion, the Court will look only to the pleadings as set forth in the complaint.

## II. Standard of Review

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a district court must accept all well-pleaded facts as true, and construe them in favor of the plaintiff. See Conley v. Gibson, 335 U.S. 41, 45-46 (1957); Petta v. Rivera, 143 F.3d 895, 897 (5th Cir. 1998); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992). The plaintiff is only required to plead sufficient information to outline the elements of his or her cause of action or to permit reasonable inferences to be drawn that these elements exist. See General Star Indemnity Co. v. Vesta Fire Ins. Corp., 173 F.3d 946, 950 (5th Cir. 1999); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994). See also 5 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1216 (2d ed. 1990). In other words, the complaint must simply provide the opposing party with fair notice of the plaintiff's claim and the grounds upon which it is based. See Conley, 355 U.S. at 47. The Supreme Court has stated, and the Fifth Circuit has repeatedly cited "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Walker v. South Central Bell Telephone Co., 904 F.2d 275, 276 (5th Cir. 1990) (citing Conley, 355 U.S. at 45-46). See also Davis v. Monroe County Brd. of Educ., 526 U.S. 629; Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000); Tuchman, 14 F.3d at 1067; Mahone v. Addicks Utility Dist. of Harris County, 836 F.2d 921, 926 (5th Cir. 1988). Ambiguities or doubts regarding the sufficiency of the claim

must be resolved in favor of the plaintiff in order "to do substantial justice." Fed R. Civ. P. 8(f), See Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

While the law disfavors motions to dismiss for failure to state a claim, there are of course situations in which a complaint should and must be dismissed. See Mahone, 836 F.2d at 926; Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986). The Court cannot allow a complaint to survive if it only states legal conclusions, or is devoid of any factual allegations. See Fernandez-Montes, 987 F.2d at 284; Walker, 904 F.2d at 277. In addition, if the face of the complaint demonstrates that the plaintiff's claim is barred by an affirmative defense, or if no reasonable inference can be made on an element, the plaintiff cannot proceed. See Blackburn v. City of Marshall, Tex., 42 F.3d 925, 931 (5th Cir. 1995).

Police officers acting within the scope of their official duties are shielded from claims of civil liability, including § 1983 claims, by qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 815-19 (1982). The Fifth Circuit applies a two-step analysis to determine whether an officer is entitled to qualified immunity from federal suit. See Morris v. Dillard Department Stores, Inc., 2001 WL 1650937, *7 (5th Cir. 2001). First, the Court must determine whether a plaintiff has alleged a violation of a clearly established constitutional right, and second, whether the officer's conduct was "objectively reasonable in light of clearly established law at the time of the alleged violation." Id. quoting Chiu v. Plano Indep. Sch. Dist., 260 F.3d 330, 343 (5th Cir. 2001) (internal quotations and citations omitted). The Fifth Circuit divides the first prong into three determinations: 1) whether the plaintiff alleges a deprivation of a constitutional right; 2) whether the right was clearly established at the time of the alleged violation; and 3) whether the defendant actually violated that right. Id.

III. **Analysis**

In the present case, the Complaint is so devoid of facts that no reasonable inferences can be drawn regarding the elements of Plaintiff's case. See General Star Indemnity, 173 F.3d at 950. Plaintiff's Complaint is filled with legal conclusions. See Fernandez-Montes, 987 F.2d at 284. Regarding the police officers' claims that they are

protected by qualified immunity, Plaintiff alleges no facts from which the Court could infer that a violation of a clearly established constitutional right occurred, much less that the officers' conduct was objectively unreasonable.  See Morris, 2001 WL 1650937 at *7.  Applying the two-step test, the Court therefore finds that the officers are protected by qualified immunity.

As to Plaintiff's other claims, the Court finds that Plaintiff has failed to sufficiently plead any facts which would justify this Court retaining this case.  Even construing all the facts in favor of the Plaintiff, there is not enough information in the record for the Court to infer any violation of Plaintiff's Fourth, Sixth, or Fourteenth Amendment rights under the Constitution.  Nor is there a showing of waiver of sovereign immunity by the City of Brownsville.  In short, Plaintiff has failed to state a claim for which relief can be granted.  The Court therefore **GRANTS** Defendants' Rule 12(b)(6) Motion to Dismiss [Dkt. No. 6].

IV. **Conclusion**

In summary, the Court

**GRANTS** Defendants' Rule 12(b)(6) Motion to Dismiss [Dkt. No. 6].

DONE at Brownsville, Texas, this ____ day of January, 2002.

_____
Hilda G. Tagle
United States District Judge